UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LISA HUNTER,

      Plaintiff,

vs.

KETTERING MEDICAL CENTER, *et al.*,

      Defendants.

Case No. 3:23-cv-267

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 18) AS TO COUNTS 1 AND 2; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 18) AS TO COUNT 3; AND (3) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 20)**

---

This civil case is before the Court on the parties' cross motions for summary judgment. Doc. Nos. 18, 20.  Plaintiff Lisa Hunter alleges, through counsel and in her three-count complaint, claims against Defendants Kettering Medical Center and Kettering Adventist Healthcare ("Defendants")[1], for failure to accommodate, disability discrimination and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Rev. Code 4112.01, *et seq.*  Doc. No. 1.

Defendants filed a motion for summary judgment.  Doc. No. 18.  Plaintiff opposed the motion (Doc. No. 48), and Defendants filed a reply (Doc. No. 51).  Plaintiff then filed a "response," which the Court interpreted as a sur-reply.  Doc. No. 54.  Plaintiff also filed a motion for partial

---

[1] It is undisputed that Plaintiff was employed by Defendant Kettering Medical Center.  Doc. No. 17-2 at PageID 196-97.  Defendants argue Kettering Adventist Healthcare, though, is an improper party and all claims against it should be dismissed; they do not, however, cite any evidence to support their position. *See* Doc. No. 18 at PageID 739.  Because Kettering Adventist Healthcare and/or its agents were involved in the facts of this case, including the interactive process, Defendant Kettering Adventist Healthcare is a proper party. *See, e.g.*, Doc. No. 17-1 at PageID 92-94; 97.

summary judgment.  Doc. No. 20.  Defendants responded (Doc. No. 47), and Plaintiff replied (Doc. No. 52).  Thus, the cross-motions for summary judgment are now ripe for review.

The Court finds there are genuine disputes of material fact regarding Plaintiff's claims as to complaint counts 1 and 2 (*i.e.*, failure to accommodate and disability discrimination).  As such, the Court **DENIES** Defendants' motion for summary judgment as to those counts.  Because Plaintiff does not intend to pursue complaint count 3 (*i.e.*, retaliation) and withdraws that claim in her summary judgment opposition memorandum (Doc. No. 48 at PageID 860), the Court **GRANTS** Defendants' motion for summary judgment as to that count only.  Finally, the Court **DENIES** Plaintiff's partial motion for summary judgment as to complaint counts 1 and 2 (*i.e.*, failure to accommodate and disability discrimination).

### I.  Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "Summary judgment is only appropriate 'if . . . depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment – rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.  Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v.*

2

*Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party opposing summary judgment has a shifting burden and "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  *Id*. (citation omitted).

## II.  Undisputed Facts

Plaintiff was hired in September 2021 to work in the Medical-Surgery 5 Unit at Soin Medical Center in Beavercreek, Ohio.  Doc. No. 17-2 at PageID 196-97.  When she was hired, Plaintiff had around fifty percent (50%) hearing loss in both ears, and she used hearing aids to partially mitigate her hearing impairment.  Doc. No. 17-4 at PageID 399.  Upon starting her job, Plaintiff informed her supervisor of her hearing impairment.  *Id.* at PageID 386; Doc. No. 17-2 at PageID 199.  On November 27, 2021, Plaintiff had a sudden, full loss of hearing in her left ear while at work.  Doc. No. 17-4 at PageID 398-99.  Plaintiff then left work.  *Id.* at PageID 400. Despite communication between Plaintiff and Defendants, Plaintiff did not return to work in her nursing position.  Doc. No. 17-2 at PageID 273-74; 280; Doc. No. 17-4 at PageID 615.

Defendants told Plaintiff she was free to apply to other positions in Defendants' network. Doc. No. 17-4 at PageID 508-12.  She was not hired into any of the positions to which she submitted applications.  *Id.*  Plaintiff was notified of her termination by letter on March 30, 2022. *Id.* at PageID 513, 618.

## III.  Analysis

The Court, having reviewed the record carefully—including the parties' briefs, the opposition memoranda in the case, and the summary judgment evidence—finds there are several genuine disputes of material fact which preclude summary judgment for either party.  *See, e.g.*, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010).  The facts are

such that a jury could reasonably find for either party.  *See, e.g.*, *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 381 (6th Cir. 2017).  Among other disputed issues of fact, the parties genuinely dispute the accommodation(s) offered to Plaintiff; when and how those accommodations were communicated to Plaintiff; and whether, under the unique facts of this case, those accommodations were timely offered and were reasonable within the meaning of the ADA and state law.  *Compare* Doc. No. 17-2 at PageID 262, *and* Doc. No. 17-5 at PageID 654, *with* Doc. No. 17-4 at PageID 396-97.

### IV.  Conclusion

Accordingly, Defendants' motion for summary judgment is **DENIED** as to counts 1 and 2 (*i.e.*, failure to accommodate and disability discrimination), but **GRANTED** as to count 3 (*i.e.*, retaliation).  Plaintiff's motion for partial summary judgment is **DENIED**.  This case was recently referred to Magistrate Judge Peter B. Silvain, Jr. as mediation coordinator.  Should the parties not settle during mediation, this matter will promptly be scheduled for trial.

**IT IS SO ORDERED.**

  March 18, 2026                         s/*Michael J. Newman*         
                                             Hon. Michael J. Newman
                                             United States District Judge